# U.S. Bankruptcy Unclaimed Funds Locator

Home (/)    About (/about)

**Case Number:**    13-51263
**Total:**    $774.97
**Last/Business Name:** EILEEN DENISE TALLEY
**First Name:**

## Creditors ⟨1⟩

Edit Search (/?court=tneb)

**Last Name** (/search?Court=tneb&CreditorLastName=&CreditorFirstName=&CaseNumber=13-51263&DebtorLastName=&DebtorFirstName=&Amount=0&EnteredOn=&sort=LastName&sortdir=A

✉ American Infosource LP as agent for Midland (/search?CreditorLastName=American%20Infosource%20LF20as%20agent%20for%20Midland&Court=tneb)

© 2016 - US Courts - Collaboratively Developed Software

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

## UNCLAIMED FUNDS IN CHAPTER 7 CASES

Pursuant to 11 USC Section 347 and Bankruptcy Rule 3011, Douglas L. Payne, Chapter 7 Trustee, hereby files with the Bankruptcy Court Clerk the following check evidencing the amount, name and address of the entity entitled to unclaimed funds in the referenced case.

| | |
|---|---|
| Case #: | 2: bk-13-51263 MPP |
| Debtor(s) Name: | Eileen Denise Talley |
| Unclaimed Funds Check #: | 114 |
| Amount of Funds sent to Unclaimed Funds: | $774.97 |
| Claim Number: | 2 |
| Court Claim Number: | 2 |
| Creditor Name and Address: | American InfoSource LP as agent for Midland Funding LLC<br>PO Box 268941<br>Oklahoma City, OK 73126-8941 |

/s/Douglas L. Payne
DOUGLAS L. PAYNE
Chapter 7 Trustee

Dated: July 16, 2015

## BILL OF SALE

THIS BILL OF SALE, dated as of May 14, 2012, is by and between Equable Ascent Financial, LLC, a Delaware limited liability company (the "Seller"), and Midland Funding LLC, a Delaware limited liability company (the "Buyer").

For value received, pursuant to the terms and conditions of that certain Account Purchase and Sale Agreement, dated as of April 19, 2012, between Seller and Buyer (the "Agreement"), Seller does hereby sell, assign and transfer to Buyer, and Buyer does hereby purchase from Seller, all right, title and interest of Seller in and to the Accounts described in that certain electronic file named [Redacted] [Redacted] [Redacted] Unless otherwise defined herein, all capitalized terms appearing in this Bill of Sale shall have the meanings defined for such terms in the Agreement.

Seller represents and warrants that all of the information contained in the Cutoff File, the Purchased Accounts File, the Chain of Title File and any other information Seller provides to Buyer concerning the Accounts (collectively, "Seller's Accounts Information") (a) constitutes Seller's business records regarding the Accounts and (b) accurately reflects in all material respects the information about the Accounts in Seller's possession, including electronic data of the Original Creditors and Previous Sellers regarding the Accounts, which Seller relied upon and accurately incorporated into its business records regarding the Accounts. All of Seller's Accounts Information has been kept in the regular course of Seller's business and (a) was made or compiled at or near the time of the act, event, condition or opinion recorded and recorded by a person with knowledge of (or from information transmitted by a person with knowledge of) the act, event, condition or opinion recorded or (b) was received from an Original Creditor or Previous Seller, and incorporated into its business records regarding the Accounts. It is the regular practice of Seller's business to maintain and compile such data.

This Bill of Sale will be binding on the parties and their respective successors and permitted assigns. Neither party may assign this Agreement without the prior written consent of the other party.

This Bill of Sale and Assignment and Assumption Agreement shall be governed by the laws of the State of New York without giving effect to its principles of conflict of laws. Buyer and Seller hereby irrevocably and unconditionally submit to the jurisdiction of any State court sitting in New York County and the United States District Court of the Southern District of New York. Each party hereby irrevocably and unconditionally waives any objection to the laying of venue in any such court and any claim that such court is an inconvenient forum.

SELLER:  
EQUABLE ASCENT FINANCIAL, LLC  
By: _____  
Name: JOHN B. PRIEST  
Title: CEO  

BUYER:  
MIDLAND FUNDING LLC  
By: _____  
Name: PAUL GRINBERG  
Title: TREASURER  

Approved by Legal

[Redacted]

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"HILCO RECEIVABLES, LLC", AN ILLINOIS LIMITED LIABILITY COMPANY,

WITH AND INTO "EQUABLE ASCENT FINANCIAL, LLC" UNDER THE NAME OF "EQUABLE ASCENT FINANCIAL, LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SECOND DAY OF DECEMBER, A.D. 2009, AT 5:49 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF DECEMBER, A.D. 2009.

Jeffrey W Bullock, Secretary of State

4726399  8100M

091129223

AUTHENTICATION: 7717988

DATE: 12-22-09

You may verify this certificate online at corp.delaware.gov/authver.shtml

```
                                          State of Delaware
                                          Secretary of State
                                        Division of Corporations
                                     Delivered 05:51 PM 12/22/2009
                                       FILED 05:49 PM 12/22/2009
                                     SRV 091129223 - 4726399 FILE
```

# State of Delaware
## Certificate of Merger of a Foreign Limited Liability Company into a Domestic Limited Liability Company

Pursuant to Title 6, Section 18-209 of the Delaware Limited Liability Company Act.

**First:** The name of the surviving Limited Liability Company is _____
Equable Ascent Financial, LLC _____, a Delaware Limited Liability Company.

**Second:** The name of the Limited Liability Company being merged into this surviving Limited Liability Company is Hilco Receivables, LLC.

The jurisdiction in which this Limited Liability Company was formed is Illinois.

**Third:** The Agreement of Merger has been approved and executed by both Limited Liability Companies.

**Fourth:** The name of the surviving Limited Liability Company is _____
Equable Ascent Financial, LLC.

**Fifth:** The executed agreement of merger is on file at _____
1120 West Lake Cook Road, Suite A, Buffalo Grove, IL 60089,
the principal place of business of the surviving Limited Liability Company.

**Sixth:** A copy of the agreement of merger will be furnished by the surviving Limited Liability Company on request, without cost, to any member of the Limited Liability Company or any person holding an interest in any other business entity which is to merge or consolidate.

**Seventh:** The effective date of this merger is December 31, 2009.

IN WITNESS WHEREOF, said Limited Liability Company has caused this certificate to be signed by an authorized person, this 21st day of December, A.D., 2009.

By: _____
    Authorized Person

Name: JOHN B. PRIEST
      Print or Type

DE134 - 08/27/2007 C T System Online

# OFFICE OF THE SECRETARY OF STATE

JESSE WHITE • Secretary of State          0287940-9

12/22/2009

MICHAEL WALSH
1120 W LAKE COOK RD STE A
BUFFALO GROVE, IL 60089-0000

RE  EQUABLE ASCENT FINANCIAL, LLC

DEAR SIR OR MADAM:

ARTICLES OF MERGER FOR THE ABOVE-NAMED COMPANY HAVE BEEN PLACED ON FILE.

THE REQUIRED FEE IS HEREBY ACKNOWLEDGED.

SINCERELY YOURS,

JESSE WHITE
SECRETARY OF STATE
DEPARTMENT OF BUSINESS SERVICES
LIMITED LIABILITY COMPANY SECTION
(217) 524-8008

JW

| Form **LLC-37.25** April 2008 Secretary of State Jesse White Department of Business Services Limited Liability Division 501 S. Second St., Rm. 351 Springfield, IL 62756 217-524-8008 www.cyberdriveillinois.com Payment must be made by check or money order payable to Secretary of State. Filing fee is $100, but if merger or more than two entities, $50 for each additional entity. | **Illinois Limited Liability Company Act** **Articles of Merger** SUBMIT IN DUPLICATE Must be typewritten. This space for use by Secretary of State. Date: 12/22/09 Filing Fee: $100 Approved: JU | ASSIGNED FILE #: 02879409 This space for use by Secretary of State. **FILED** DEC 22 2009 JESSE WHITE SECRETARY OF STATE |
|---|---|---|

1. Names of Entities proposing to merge, and State or Country of Organization:

| Name of Entity | Type of Entity (Corporation, Limited Liability Company, Limited Partnership, General Partnership or other permitted entity) | Domestic State or Country | Illinois Secretary of State File Number (if any) |
|---|---|---|---|
| Hilco Receivables, LLC | Limited Liability Company | Illinois | ▮264-8 |
| Equable Ascent Financial, LLC | Limited Liability Company | Delaware | ▮140-9 |

2. The plan of merger has been approved and signed by each Limited Liability Company and other entity that is to merge. If a corporation is a party to the merger, a copy of the plan as approved is attached to these Articles of Merger.

3. a. Name of Surviving Entity: Equable Ascent Financial, LLC

   b. Address of Surviving Entity: 1120 W. Lake Cook Road, Suite A, Buffalo Grove, IL 60089

4. Effective date of merger: (check one)
   a. ☐ the filing date, or
   b. ☒ a later date, but not more than 30 days subsequent to the filing date: December 31, 2009
   Month, Day, Year

5. All Limited Liability Companies that are parties to this merger and were on record with the Illinois Secretary of State prior to Jan. 1, 1998, have elected in their operating agreements to be governed by the Amendatory Act of 1997.

6. If the survivor is a Limited Liability Company, indicate changes that are necessary to its Articles of Organization by reason of this merger:

   N/A - survivor is a Delaware entity

Printed on recycled paper.
Printed by authority of the State of Illinois. May 2008 — 1M — LLC 30.2

IL070 - 06/03/2008 C T System Online

0287909
12/22/09

**LLC-37.25**

7. For the Limited Liability Companies that are parties to the merger, complete the following:

| Name of LLC | Jurisdiction | Organization Date | Date of Admission to Illinois (foreign LLC's) |
|---|---|---|---|
| Hilco Receivables, LLC | Illinois | 4/14/2000 | N/A |
| Equable Ascent Financial, LLC | Delaware | 9/08/2009 | 11-20-2009 |

8. If the surviving entity is not a Limited Liability Company, the entity agrees that it may be served with process in Illinois and is subject to liability in any action or proceeding for the enforcement of any liability or obligation of a Limited Liability Company previously subject to suit in this State, which is to merge, and for the enforcement, as provided in this Act, of the right of members of any Limited Liability Company to receive payment for their interest against the surviving entity.

9. The undersigned entities caused these Articles of Merger to be signed by the duly authorized person, each of whom affirms, under penalty of perjury, that the facts stated herein are true.

Dated December 21, 2009
        Month & Day         Year

1. _____
   Signature
   JOHN B. PRIEST, Manager
   Name and Title (type or print)
   HILCO RECEIVABLES LLC
   Name if a Corporation or other Entity

2. _____
   Signature
   JOHN B. PRIEST, Manager
   Name and Title (type or print)
   EQUABLE ASCENT FINANCIAL, LLC
   Name if a Corporation or other Entity

3. _____
   Signature
   Name and Title (type or print)
   Name if a Corporation or other Entity

4. _____
   Signature
   Name and Title (type or print)
   Name if a Corporation or other Entity

If more space is needed, please attach additional sheets of this size.

**Signatures must be in black ink on an original document.
Carbon copy, photocopy or rubber stamp signatures
may only be used on conformed copies.**

Printed on recycled paper.
Printed by authority of the State of Illinois, May 2008 — 1M — LLC 30.2

IL070 - 06/03/2008 C T System Online

## AGREEMENT AND PLAN OF MERGER

THIS AGREEMENT AND PLAN OF MERGER (this "**Agreement**") is entered into as of December 21, 2009, to be effective as of the Effective Date, pursuant to Section 18-209 of the Limited Liability Company Act of the State of Delaware (the "**Delaware Act**") and Section 180/37-20 of the Limited Liability Company Act of the State of Illinois (the "**Illinois Act**"), by and between Hilco Receivables, LLC, an Illinois limited liability company ("**Hilco**") and Equable Ascent Financial, LLC, a Delaware limited liability company ("**Equable**").

### RECITALS:

WHEREAS, Hilco is an Illinois limited liability company;

WHEREAS, for a variety of business reasons, the Board of Directors of Hilco (the "**Managers**") and the members of Hilco (the "**Owners**") wish to merge Hilco into a Delaware limited liability company;

WHEREAS, in order to accomplish the foregoing, the Managers and the Owners have caused Equable to be formed under the laws of Delaware; and

WHEREAS, the Mangers and the Owners deem it advisable and wish to merge Hilco into Equable on the terms and conditions hereinafter set forth.

### AGREEMENT:

NOW THEREFORE, in consideration of the foregoing and the representations, warranties, covenants and agreements herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Merger; Name of Surviving Corporation</u>. On the Effective Date (defined herein), Hilco shall be merged with and into Equable. The name of the surviving entity shall be Equable Ascent Financial, LLC (the "**Surviving Entity**").

2. <u>Equity</u>. Each unit of membership interest in Hilco outstanding immediately prior to the Effective Date shall, automatically and without further action by any party, convert into and be deemed an issued and outstanding unit of membership interest in Equable, held of record by each Owner in the same proportion such units were held in Hilco.

3. <u>Terms and Conditions of Merger</u>. The terms and conditions of the merger shall be as follows:

    (a) The Certificate of Formation of Equable on the Effective Date shall be and remain the Certificate of Formation of the Surviving Entity, without amendment or change, until the same shall be altered, amended or repealed as therein provided.

(b) The Operating Agreement of Hilco on the Effective Date shall be and remain the Operating Agreement of the Surviving Entity, without amendment or change, until the same shall be altered, amended or repealed as therein provided.

(c) The Managers and the officers, if any, of Hilco on the Effective Date shall continue in office as the Managers and the officers, respectively, of the Surviving Entity until their respective successors have been elected and qualified.

(d) The principal office of the Surviving Entity shall be located at 1120 W. Lake Cook Road, Suite A, Buffalo Grove, IL 60089.

4. Effect of Merger.

(a) On the Effective Date, Hilco shall merge with and into Equable and the separate existence of Hilco shall cease.

(b) The merger shall have all the effects set forth in the Delaware Act and the Illinois Act. In addition to and not in limitation of the foregoing, (i) the Surviving Entity shall possess all property, real, personal and mixed, tangible and intangible, and all debts due on whatever account, and all other choses in action and all and every other interest, of or belonging to or due to the parties hereto and the same shall be deemed taken and transferred to and vested in the Surviving Entity without further act or deed, and the title to any such property or rights, or any interest therein, vested in Hilco shall not revert to or be in any way impaired by reason of the merger; (ii) the Surviving Entity shall be liable for all the liabilities and obligations of the respective parties hereto in the same manner and to the same extent as if the Surviving Entity had itself incurred such liabilities and obligations and had contracted therefor, and any claim existing or any action or proceeding pending by or against the respective parties hereto may be prosecuted to judgment as if the merger and not taken place, or the Surviving Entity may be substituted in its place; and (iii) neither the rights of creditors, nor any liens upon the property of the respective parties hereto shall be impaired by the merger, but such liens shall be limited to the property upon which they were liens immediately prior to the Effective Date.

5. Effective Date. This Agreement shall become effective on December 31, 2009 (the "**Effective Date**").

6. Approval by the Board of Directors and Members of Equable. This Agreement shall be submitted to the Managers and the Owners, in their capacity as the managers and members of Equable, for approval in the manner provided by the applicable laws of the State of Delaware at a meeting or by written consent in lieu of a meeting in the manner provided by the applicable laws of the State of Delaware.

7. Approval by the Board of Directors and Members of Hilco. This Agreement shall be submitted to the Managers and the Owners, in their capacity as the managers and members of Hilco, for approval in the manner provided by the applicable laws of the State of Illinois at a meeting or by written consent in lieu of a meeting in the manner provided by the applicable laws of the State of Illinois.

8. **Further Assurances.** During the period from the date first above written to the Effective Date, each of the parties hereto agrees to use all reasonable efforts to execute and deliver, or cause to be executed and delivered, any and all reports, instruments or other documents and to take, or cause to be taken, any and all such actions necessary, proper or advisable to consummate and make effective the transactions contemplated by this Agreement.

9. **Termination.** Notwithstanding any other provision of this Agreement, this Agreement may be terminated and abandoned at any time prior to the filing date by an instrument signed on behalf of both Hilco and Equable.

10. **Amendment.** This Agreement may be amended in writing if signed on behalf of both Hilco and Equable at any time prior to the filing date.

11. **Complete Agreement.** This Agreement contains the entire agreement between the parties hereto with respect to the merger of Hilco into Equable, and supersedes all prior agreements and understandings, both written and oral, among the parties hereto with respect to the subject matter hereof.

12. **Headings.** The descriptive headings of the sections of this Agreement are merely provided for convenience of reference and shall not used in the interpretation of this Agreement.

13. **No Third Parties.** Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person or entity, other than the parties to this Agreement, any rights or remedies under or by reason of this Agreement.

14. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving regard to any provisions thereof regarding choice of laws.

15. **Gender.** As used in this Agreement, each gender specific term shall have a comparable meaning, whether used in a masculine, feminine or gender-neutral form.

16. **Counterparts.** This Agreement may be signed in one or more counterparts, each of which shall be deemed an original for all purposes and all of which taken together shall constitute one and the same original.

[Signature Page Follows]

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement and Plan of Merger to be executed by its duly authorized representative, all as of the day and date first above written.

**HILCO RECEIVABLES, LLC**

By: *(signature)*
Name: JOHN R. PRIEST
Title: CEO

**EQUABLE ASCENT FINANCIAL, LLC**

By: *(signature)*
Name: JOHN B. PRIEST
Title: CEO

## AGREEMENT AND PLAN OF MERGER

THIS AGREEMENT AND PLAN OF MERGER (this "**Agreement**") is entered into as of December 21, 2009, to be effective as of the Effective Date, pursuant to Section 18-209 of the Limited Liability Company Act of the State of Delaware (the "**Delaware Act**") and Section 180/37-20 of the Limited Liability Company Act of the State of Illinois (the "**Illinois Act**"), by and between Hilco Receivables, LLC, an Illinois limited liability company ("**Hilco**") and Equable Ascent Financial, LLC, a Delaware limited liability company ("**Equable**").

### RECITALS:

WHEREAS, Hilco is an Illinois limited liability company;

WHEREAS, for a variety of business reasons, the Board of Directors of Hilco (the "**Managers**") and the members of Hilco (the "**Owners**") wish to merge Hilco into a Delaware limited liability company;

WHEREAS, in order to accomplish the foregoing, the Managers and the Owners have caused Equable to be formed under the laws of Delaware; and

WHEREAS, the Mangers and the Owners deem it advisable and wish to merge Hilco into Equable on the terms and conditions hereinafter set forth.

### AGREEMENT:

NOW THEREFORE, in consideration of the foregoing and the representations, warranties, covenants and agreements herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. <u>Merger; Name of Surviving Corporation</u>. On the Effective Date (defined herein), Hilco shall be merged with and into Equable. The name of the surviving entity shall be Equable Ascent Financial, LLC (the "**Surviving Entity**").

2. <u>Equity</u>. Each unit of membership interest in Hilco outstanding immediately prior to the Effective Date shall, automatically and without further action by any party, convert into and be deemed an issued and outstanding unit of membership interest in Equable, held of record by each Owner in the same proportion such units were held in Hilco.

3. <u>Terms and Conditions of Merger</u>. The terms and conditions of the merger shall be as follows:

   (a) The Certificate of Formation of Equable on the Effective Date shall be and remain the Certificate of Formation of the Surviving Entity, without amendment or change, until the same shall be altered, amended or repealed as therein provided.

(b) The Operating Agreement of Hilco on the Effective Date shall be and remain the Operating Agreement of the Surviving Entity, without amendment or change, until the same shall be altered, amended or repealed as therein provided.

(c) The Managers and the officers, if any, of Hilco on the Effective Date shall continue in office as the Managers and the officers, respectively, of the Surviving Entity until their respective successors have been elected and qualified.

(d) The principal office of the Surviving Entity shall be located at 1120 W. Lake Cook Road, Suite A, Buffalo Grove, IL 60089.

4. Effect of Merger.

(a) On the Effective Date, Hilco shall merge with and into Equable and the separate existence of Hilco shall cease.

(b) The merger shall have all the effects set forth in the Delaware Act and the Illinois Act. In addition to and not in limitation of the foregoing, (i) the Surviving Entity shall possess all property, real, personal and mixed, tangible and intangible, and all debts due on whatever account, and all other choses in action and all and every other interest, of or belonging to or due to the parties hereto and the same shall be deemed taken and transferred to and vested in the Surviving Entity without further act or deed, and the title to any such property or rights, or any interest therein, vested in Hilco shall not revert to or be in any way impaired by reason of the merger; (ii) the Surviving Entity shall be liable for all the liabilities and obligations of the respective parties hereto in the same manner and to the same extent as if the Surviving Entity had itself incurred such liabilities and obligations and had contracted therefor, and any claim existing or any action or proceeding pending by or against the respective parties hereto may be prosecuted to judgment as if the merger and not taken place, or the Surviving Entity may be substituted in its place; and (iii) neither the rights of creditors, nor any liens upon the property of the respective parties hereto shall be impaired by the merger, but such liens shall be limited to the property upon which they were liens immediately prior to the Effective Date.

5. Effective Date. This Agreement shall become effective on December 31, 2009 (the "**Effective Date**").

6. Approval by the Board of Directors and Members of Equable. This Agreement shall be submitted to the Managers and the Owners, in their capacity as the managers and members of Equable, for approval in the manner provided by the applicable laws of the State of Delaware at a meeting or by written consent in lieu of a meeting in the manner provided by the applicable laws of the State of Delaware.

7. Approval by the Board of Directors and Members of Hilco. This Agreement shall be submitted to the Managers and the Owners, in their capacity as the managers and members of Hilco, for approval in the manner provided by the applicable laws of the State of Illinois at a meeting or by written consent in lieu of a meeting in the manner provided by the applicable laws of the State of Illinois.

8. **Further Assurances.** During the period from the date first above written to the Effective Date, each of the parties hereto agrees to use all reasonable efforts to execute and deliver, or cause to be executed and delivered, any and all reports, instruments or other documents and to take, or cause to be taken, any and all such actions necessary, proper or advisable to consummate and make effective the transactions contemplated by this Agreement.

9. **Termination.** Notwithstanding any other provision of this Agreement, this Agreement may be terminated and abandoned at any time prior to the filing date by an instrument signed on behalf of both Hilco and Equable.

10. **Amendment.** This Agreement may be amended in writing if signed on behalf of both Hilco and Equable at any time prior to the filing date.

11. **Complete Agreement.** This Agreement contains the entire agreement between the parties hereto with respect to the merger of Hilco into Equable, and supersedes all prior agreements and understandings, both written and oral, among the parties hereto with respect to the subject matter hereof.

12. **Headings.** The descriptive headings of the sections of this Agreement are merely provided for convenience of reference and shall not used in the interpretation of this Agreement.

13. **No Third Parties.** Nothing herein expressed or implied is intended or shall be construed to confer upon or give to any person or entity, other than the parties to this Agreement, any rights or remedies under or by reason of this Agreement.

14. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving regard to any provisions thereof regarding choice of laws.

15. **Gender.** As used in this Agreement, each gender specific term shall have a comparable meaning, whether used in a masculine, feminine or gender-neutral form.

16. **Counterparts.** This Agreement may be signed in one or more counterparts, each of which shall be deemed an original for all purposes and all of which taken together shall constitute one and the same original.

[Signature Page Follows]

IN WITNESS WHEREOF, each of the parties hereto has caused this Agreement and Plan of Merger to be executed by its duly authorized representative, all as of the day and date first above written.

| HILCO RECEIVABLES, LLC | |
|---|---|
| By: | *(signature)* |
| Name: | JOHN B. PRIEST |
| Title: | CEO |

| EQUABLE ASCENT FINANCIAL, LLC | |
|---|---|
| By: | *(signature)* |
| Name: | JOHN B. PRIEST |
| Title: | CEO |

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   EASTERN   District of TENNESSEE | **PROOF OF CLAIM** |
|---|---|
| Name of Debtor: EILEEN DENISE TALLEY | Case Number: 13-51263 |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
American InfoSource LP as agent for Midland Funding LLC

Name and address where notices should be sent:
American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK 73126-8941

Telephone number: (877) 893-8820    email: poc_ais@americaninfosource.com

**COURT USE ONLY**

❏ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $ 1,725.64

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Revolving Credit/Services Rendered
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 5216

**3a. Debtor may have scheduled account as:** GE MONEY BANK
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate   ❏ Motor Vehicle   ❏ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____% ❏ Fixed or ❏ Variable**
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (04/13)    2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Lovetta Walls
Title:  Paralegal
Company:  American InfoSource
Address and telephone number (if different from notice address above):

/s/ Lovetta Walls    09/23/2013
(Signature)    (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Statement of Accounts

## Account Information

| Account Holder(s) | Account Number(s) | Creditor Reference |
|---|---|---|
| EILEEN DENISE TALLEY (XXX-XX-5185) | XXXXXX5216<br>XXXXXXXXXXXX4401 | 1068 |

| Total Claim Amount (pre-petition balance) | Secured Amount | Unsecured Amount | Interest | Fees |
|---|---|---|---|---|
| $1,725.64 | | $1,725.64 | | |

| Account Open Date | Last Transaction Date | Last Payment Date | Charge-off Date |
|---|---|---|---|
| 07/02/2007 | 05/14/2012 | 12/15/2010 | 08/01/2011 |

GE MONEY BANK is the original creditor who dealt with the debtor. Further information about account transactions is available upon reasonable request.

## Creditor Information

| Claimant | Current Creditor |
|---|---|
| American InfoSource LP as agent for Midland Funding LLC | Midland Funding LLC |
| **Previous Creditor** | **Creditor at Last Account Transaction** |
| EQUABLE ASCENT FINANCIAL, LLC | EQUABLE ASCENT FINANCIAL, LLC |

## Case Information

| Debtor(s) |
|---|
| EILEEN DENISE TALLEY |

| Street | City | State | Zip |
|---|---|---|---|
| ■■■■■■■■■■■■■ | ■■■■■■ | ■■ | ■■■■ |

| Case Number | Court | Chapter | Filing Date |
|---|---|---|---|
| 13-51263 | Eastern District of Tennessee | 7 | 07/19/2013 |

## Contact Information (for questions regarding this claim)

| Phone | Email | Address | Reference Number |
|---|---|---|---|
| (877) 893-8820 | poc_ais@americaninfosource.com | PO Box 268941<br>Oklahoma City, OK  73126-8941 | 8836 |

## Special Notice

This Statement of Accounts is a summary of the Creditor's Claim against the Debtor(s).  Midland Credit Management, Inc., an affiliate of Midland Funding LLC, will provide additional documentation supporting the Claim upon reasonable request.  Please contact American InfoSource for additional documentation requests.

# LIMITED POWER OF ATTORNEY

Each of Midland Credit Management, Inc. ("MCM") and Midland Funding LLC (collectively, "Client") hereby grants to American InfoSource LP ("AIS"), whose principal office is located at 5847 San Felipe, Suite 1200 Houston, TX 77057, Power of Attorney for the sole and limited purpose of filing proof of claims that Client may have in cases being administered pursuant to the United States Federal Bankruptcy Code (the "Bankruptcy Claim Services"). The scope of this authority includes taking any and all actions necessary to perform such Bankruptcy Claim Services for Client, including, preparation and filing of claims in bankruptcy cases pursuant to a bankruptcy services agreement entered into between MCM and AIS (the "Servicing Agreement"). This Power of Attorney shall remain in effect throughout the life of the Servicing Agreement between MCM and AIS, unless withdrawn by Client. This Power of Attorney is being given to AIS and may be attached to bankruptcy proceeding claims filed on Client's behalf as required by the Federal Rules of Bankruptcy Procedure and the Official Forms.

MIDLAND CREDIT MANAGEMENT, INC.

_____
Greg Call, SVP, General Counsel & Secretary

MIDLAND FUNDING LLC

_____
Greg Call, Secretary

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me this 3rd day of July 2012, by Greg Call, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

MARIA ELA
Commission # 1934238
Notary Public - California
San Diego County
My Comm. Expires May 26, 2015